CHARLES SIMPSON *v.* PHŒBE PEIRCE.

APPEAL by the defendant from a judgment of the District Court of Terrebonne, *Nicholls*, J. This was an action on a promissory note. The judgment was for the amount claimed, *providing however, that from that amount there should "be deducted the sum of thirty dollars, at the date of the judgment; which last sum the plaintiff is entitled to recover, upon showing that he is not responsible for the sum attached in the hands of the defendant."*

*J. C. Beatty*, for the plaintiff.

*Edgar*, for the appellant.

MARTIN, J. The defendant, appellant from a judgment on her promissory note, complains that the court erred in making her liable for a sum of $30, attached in her hands by a creditor of the plaintiff. She stated in her answer, that " she was held bound, as garnishee, by William Ross, plaintiff in attachment, in a suit against the present plaintiff and appellee, in the sum of $30, which she opposes by way of reconvention." Her counsel has contended, that " the plaintiff and appellee, having his remedy against the attaching creditor, had no right to attack her, (the garnishee,) and put her to the expense and trouble of a defence, when the law does not allow her to interfere with the merits of the case between the plaintiff and defendant in the attachment; that the District Court had no jurisdiction over the attachment case, and had no right to inquire into the merits, nor to interfere, the amount being only $30; that upon proof of the garnishee's liability to the attaching creditor for that sum, the court should have allowed it in compensation and reconvention, and, liberating the defendant, have left the plaintiff to pursue his remedy against the plaintiff in attachment, before the proper tribunal, by appeal or action of nullity.

It appears to us, that complete justice has been done to the defendant and appellant. She does not allege that she has paid any thing for the plaintiff and appellee, but that she may be liable to pay the sum of $30 for him, in case he should be cast in the suit brought against him by attachment, in which she has been made garnishee. The District Court could not, after it deducted

the $30 from the amount of her note, remain silent with regard to the consequence of a judgment in favor of the defendant in the attachment suit, for in that case, she might have retained the $30 attached in her hands, to the injury of the present plaintiff and appellee. Perhaps the most correct way would have been, to reserve to the latter his right against the defendant and appellant, in case the attaching creditor should fail in the suit. But the District Court has done the same thing in different words, and the difference is not important enough to authorize us to reverse the judgment appealed from. The defendant and appellant denies, with ill grace, the jurisdiction of the District Court, while she claims the benefit of the action of that court against her as garnishee,* a benefit which the judgment appealed from has allowed her.

*Judgment affirmed.*

---

* The defendant was made a garnishee in a proceeding before a Justice of the Peace.